BRIAN J. STRETCH (CABN 132612)
United States Attorney

THOMAS MOORE (ALBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7017
    Fax:       (415) 436-7019

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Complaint to Recover Erroneous Tax Refunds |
| OSCAR RENTERIA and DENISE RENTERIA, | ) | |
| Defendants. | ) | |

      Plaintiff United States of America, for its complaint against defendant Oscar Renteria and defendant Denise Renteria (collectively, "Defendants"), alleges on information and belief as follows:

General Allegations

      1.     This is a civil action brought by the United States of America pursuant to 26 U.S.C. § 7405 to recover erroneous refunds of internal revenue taxes and interest made to Defendants for the 2010, 2011, and 2012 tax years.

      2.     This Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402 and 7405 and 28 U.S.C. §§ 1340 and 1345.

      3.     This action is commenced at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401.

Complaint To Recover Erroneous Tax Refunds       1

4.     Venue for this action lies within the Northern District of California pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Defendants currently reside in Napa, California, and they resided in Napa, California when they filed their Amended U.S. Individual Income Tax Returns (Form 1040X) for the 2010, 2011, and 2012 tax years.

First Cause of Action

(Recovery of an Erroneous Tax Refund (26 U.S.C. § 7405) for the 2010 Tax Year)

5.     The United States realleges and incorporates by reference each and every allegation set forth in this Complaint as though fully set forth herein.

6.     Defendants filed a joint U.S. Individual Income Tax Return (Form 1040) for the 2010 tax year with the Internal Revenue Service ("IRS") on or around October 15, 2011.

7.     Defendants' Form 1040 reported tax due of $537,019 for the 2010 tax year. The IRS assessed this tax liability on November 14, 2011.

8.     On November 14, 2011, the IRS assessed an estimated tax penalty of $5,179 under 26 U.S.C. § 6654 for the 2010 tax year.

9.     On November 14, 2011, the IRS assessed interest of $1,408.81 for the 2010 tax year.

10.    On November 14, 2011, the IRS assessed a failure to pay tax penalty of $2,130.57 under 26 U.S.C. § 6651(a)(2) for the 2010 tax year.

11.    Defendants had federal income tax withholding of $266,000 for the 2010 tax year.

12.    Defendants made a payment of $200,000 when they filed Form 4868 (Application for Automatic Extension of Time to File U.S. Individual Income Tax Return) for the 2010 tax year.

13.    Defendants made a payment of $80,138 with their joint income tax return for the 2010 tax year.

14.    Defendants fully paid their 2010 tax liability as of October 15, 2011. Defendants' payments toward their income tax liability, including penalties and interest, totaled $546,138 for the 2010 tax year.

15.    On or around November 14, 2011, the IRS issued Defendants a tax refund of $400.62.

16.    On or around October 21, 2014, Defendants filed with the IRS an Amended U.S. Individual Income Tax Return (Form 1040X) for the 2010 tax year ("2010 Amended Return").

17. The 2010 Amended Return claimed an overpayment of tax in the amount of $545,998.

18. In support of the purported overpayment of tax, Defendants' 2010 Amended Return claimed a false $1,378,444 non-passive flow-through loss on Schedule E that arose from a limited liability company named Renteria Vineyard Management, LLC ("RVM"), based on erroneous Schedules K-1 issued by RVM to Defendant Oscar Renteria and to Defendant Denise Renteria.

19. RVM is a California limited liability company that was formed on September 26, 2007.

20. RVM is taxed as a partnership. As such, RVM does not pay income taxes. Rather, RVM's income or losses, as the case may be, flow through to its owners who report such income or losses on their respective income tax returns.

21. Defendant Oscar Renteria owns 50% of RVM through the Renteria Family Trust.

22. Defendant Denise Renteria owns 50% of RVM through the Renteria Family Trust.

23. Defendants' false $1,378,444 non-passive flow-through loss on Schedule E arose from RVM's false deduction of $3,225,000 for self-created goodwill.

24. On September 15, 2014, the IRS received an amended U.S. Return of Partnership Income for the 2010 tax year from RVM ("2010 Amended RVM Return").

25. On the 2010 Amended RVM Return, RVM claimed a deduction for "Other deductions" (Line 20) totaling $6,516,819. This amount comprises deductions of $3,291,819 (which amount was reported on RVM's original tax return) and $3,225,000 for RVM's self-created goodwill that was purportedly acquired on January 1, 2010.

26. RVM's false, self-created goodwill deduction of $3,225,000 caused RVM to have an ordinary business loss of $2,254,087 for the 2010 tax year, which was reported on Schedules K-1 issued by RVM to Defendant Oscar Renteria and to Defendant Denise Renteria.

27. RVM's $2,254,087 ordinary business loss flowed through to Defendants' Schedule E on Defendants' 2010 Amended Return.

28. Defendants were not entitled to claim a $1,378,444 non-passive flow-through loss on Schedule E for the 2010 tax year with respect their ownership interests in RVM because RVM did not purchase any goodwill that may be subject to amortization or depreciation.

29. Any goodwill attributable to RVM is self-created. The Internal Revenue Code does not

permit a deduction for the amortization of self-created goodwill under 26 U.S.C. § 197, nor does it permit a deduction for depreciation of self-created goodwill under I.R.C. § 167, or the Treasury Regulations promulgated under these code sections.

30. As a result of Defendants' filing the 2010 Amended Return, the IRS issued to Defendants, on February 6, 2015, an erroneous refund in the amount of $549,166.67, which included a refund of tax paid ($537,019), a refund of interest paid ($1,408.81), a refund of an addition to tax ($2,130.57), a refund of credits ($3,800) and overpayment interest ($4,808.29).

31. The IRS has contacted Defendants, through their power of attorney, and has requested that Defendants repay the erroneous refund of $549,166.67. Defendants, however, have not repaid any portion of the erroneous refund of $549,166.67.

32. Pursuant to 26 U.S.C. § 7405, the United States is entitled to a judgment against Defendants in the amount of $549,166.67, plus statutory interest in order to recover the amounts erroneously refunded to Defendants with respect to their 2010 tax year.

33. Pursuant to 26 U.S.C. § 6602, the United States is entitled to recover interest on an erroneous refund at the rate set forth in 26 U.S.C. § 6621 from the date of the payment of the refund. This statutory interest continues to accrue until the erroneous refund is paid in full.

34. This action was commenced within two years of the date of the issuance of the refund check (February 6, 2015) remitting the erroneous refund to Defendants for their 2010 tax year.

## Second Cause of Action
(Recovery of an Erroneous Tax Refund (26 U.S.C. § 7405) for the 2011 Tax Yeasr)

35. The United States realleges and incorporates by reference each and every allegation set forth in this Complaint as though fully set forth herein.

36. Defendants filed a joint U.S. Individual Income Tax Return (Form 1040) for the 2011 tax year with the IRS on or around October 16, 2012.

37. Defendants' Form 1040 reported tax due of $363,513 for the 2011 tax year. The IRS assessed this tax liability on December 17, 2012.

38. Defendants had federal income tax withholding of $600,000 for the 2011 tax year.

39. Defendants made a payment of $150,000 when they filed Form 4868 (Application for

Automatic Extension of Time to File U.S. Individual Income Tax Return) for the 2011 tax year.

40. Defendants fully paid their 2011 tax liability as of October 16, 2012. Defendants' payments toward their income tax liability totaled $750,000 for the 2011 tax year.

41. On or around December 17, 2012, the IRS issued Defendants a tax refund of $393,777.49.

42. On or around March 9, 2015, Defendants filed with the IRS an Amended U.S. Individual Income Tax Return (Form 1040X) for the 2011 tax year ("2011 Amended Return").

43. The 2011 Amended Return claimed an overpayment of tax in the amount of $311,288.

44. In support of the purported overpayment of tax, Defendants' 2011 Amended Return claimed a false $2,697,661 non-passive flow-through loss on Schedule E that arose from RVM, based on erroneous Schedules K-1 issued by RVM to Defendant Oscar Renteria and to Defendant Denise Renteria.

45. Defendants' false $2,697,661 non-passive flow-through loss on Schedule E arose from RVM's false deduction of $3,225,000 for self-created goodwill.

46. On December 1, 2014, the IRS received an amended U.S. Return of Partnership Income for the 2011 tax year from RVM ("2011 Amended RVM Return").

47. On the 2011 Amended RVM Return, RVM claimed a deduction for "Depreciation" (Line 16a) totaling $3,577,800. This amount comprises depreciation deductions of $352,800 (which amount was reported on RVM's original tax return) and $3,225,000 for RVM's self-created goodwill that was purportedly acquired on January 1, 2010.

48. RVM's false, self-created goodwill deduction of $3,225,000 caused RVM to have an ordinary business loss of $3,397,825 for the 2011 tax year, which was reported on Schedules K-1 issued by RVM to Defendant Oscar Renteria and to Defendant Denise Renteria.

49. RVM's $3,397,825 ordinary business loss flowed through to Defendants' Schedule E on Defendants' 2011 Amended Return.

50. Defendants were not entitled to claim a $2,697,661 non-passive flow-through loss on Schedule E for the 2011 tax year with respect their ownership interests in RVM because RVM did not purchase any goodwill that may be subject to amortization or depreciation.

51. Any goodwill attributable to RVM is self-created. The Internal Revenue Code does not permit a deduction for the amortization of self-created goodwill under 26 U.S.C. § 197, nor does it permit a deduction for depreciation of self-created goodwill under I.R.C. § 167, or the Treasury Regulations promulgated under these code sections.

52. As a result of Defendants' filing the 2011 Amended Return, the IRS issued to Defendants, on May 22, 2015, an erroneous refund in the amount of $341,394.92, which included a refund of tax paid ($308,288), a refund of credits ($3,000), and overpayment interest ($30,106.92).

53. The IRS has contacted Defendants, through their power of attorney, and has requested that Defendants repay the erroneous refund of $341,394.92. Defendants, however, have not repaid any portion of the erroneous refund of $341,394.92.

54. Pursuant to 26 U.S.C. § 7405, the United States is entitled to a judgment against Defendants in the amount of $341,394.92, plus statutory interest in order to recover the amounts erroneously refunded to Defendants with respect to their 2011 tax year.

55. Pursuant to 26 U.S.C. § 6602, the United States is entitled to recover interest on an erroneous refund at the rate set forth in 26 U.S.C. § 6621 from the date of the payment of the refund. This statutory interest continues to accrue until the erroneous refund is paid in full.

56. This action was commenced within two years of the date of the issuance of the refund check (May 22, 2015) remitting the erroneous refund to Defendants for their 2011 tax year.

### Third Cause of Action

(Recovery of an Erroneous Tax Refund (26 U.S.C. § 7405) for the 2012 Tax Year)

57. The United States realleges and incorporates by reference each and every allegation set forth in this Complaint as though fully set forth herein.

58. Defendants filed a joint U.S. Individual Income Tax Return (Form 1040) for the 2012 tax year with the IRS on or around October 15, 2013.

59. Defendants' Form 1040 reported tax due of $277,503 for the 2012 tax year. The IRS assessed this tax liability on November 18, 2013.

60. On November 18, 2013, the IRS assessed an estimated tax penalty of $312 under 26 U.S.C. § 6654 for the 2012 tax year.

61. Defendants made estimated tax payments of $975,000 for the 2012 tax year.

62. Defendants fully paid their 2012 tax liability as of October 15, 2013. Defendants' payments toward their income tax liability totaled $975,000 for the 2012 tax year.

63. On or around November 18, 2013, the IRS issued Defendants a tax refund of $500,000. The IRS, at Defendants' request, also transferred $197,185 to Defendants' account for the 2013 tax year.

64. On or around March 9, 2015, Defendants filed with the IRS an Amended U.S. Individual Income Tax Return (Form 1040X) for the 2012 tax year ("2012 Amended Return").

65. The 2012 Amended Return claimed an overpayment of tax in the amount of $226,447.

66. In support of the purported overpayment of tax, Defendants' 2012 Amended Return claimed a false $1,534,563 non-passive flow-through loss on Schedule E that arose from RVM, based on erroneous Schedules K-1 issued by RVM to Defendant Oscar Renteria and to Defendant Denise Renteria.

67. Defendants' false $1,534,563 non-passive flow-through loss on Schedule E arose from RVM's false deduction of $3,225,000 for self-created goodwill.

68. On December 1, 2014, the IRS received an amended U.S. Return of Partnership Income for the 2012 tax year from RVM ("2012 Amended RVM Return").

69. On the 2012 Amended RVM Return, RVM claimed a deduction for "Depreciation" (Line 16a) totaling $3,659,870. This amount comprises depreciation deductions of $434,870 (which amount was reported on RVM's original tax return) and $3,225,000 for RVM's self-created goodwill that was purportedly acquired on January 1, 2010.

70. RVM's false, self-created goodwill deduction of $3,225,000 caused RVM to have an ordinary business loss of $1,965,200 for the 2012 tax year, which was reported on Schedules K-1 issued by RVM to Defendant Oscar Renteria and to Defendant Denise Renteria.

71. RVM's $1,965,200 ordinary business loss flowed through to Defendants' Schedule E on Defendants' 2012 Amended Return.

72. Defendants were not entitled to claim a $1,534,563 non-passive flow-through loss on Schedule E for the 2012 tax year with respect their ownership interests in RVM because RVM did not purchase any goodwill that may be subject to amortization or depreciation.

73. Any goodwill attributable to RVM is self-created. The Internal Revenue Code does not permit a deduction for the amortization of self-created goodwill under 26 U.S.C. § 197, nor does it permit a deduction for depreciation of self-created goodwill under I.R.C. § 167, or the Treasury Regulations promulgated under these code sections.

74. As a result of Defendants' filing the 2012 Amended Return, the IRS issued to Defendants, on May 15, 2015, an erroneous refund in the amount of $240,883.21, which included a refund of tax paid ($223,446), a refund of credits ($3,000), and overpayment interest ($14,437.21).

75. The IRS has contacted Defendants, through their power of attorney, and has requested that Defendants repay the erroneous refund of $240,883.21. Defendants, however, have not repaid any portion of the erroneous refund of $240,883.21.

76. Pursuant to 26 U.S.C. § 7405, the United States is entitled to a judgment against Defendants in the amount of $240,883.21, plus statutory interest in order to recover the amounts erroneously refunded to Defendants with respect to their 2012 tax year.

77. Pursuant to 26 U.S.C. § 6602, the United States is entitled to recover interest on an erroneous refund at the rate set forth in 26 U.S.C. § 6621 from the date of the payment of the refund. This statutory interest continues to accrue until the erroneous refund is paid in full.

78. This action was commenced within two years of the date of the issuance of the refund check (May 15, 2015) remitting the erroneous refund to Defendants for their 2012 tax year.

Prayer for Relief

Wherefore, the United States requests that the Court:

1. Enter a judgment in favor of the United States and against Defendants in the following amounts:

    a. The amount of the erroneous refund for the 2010 tax year, $549,166.67, plus interest under 26 U.S.C. § 6602, until such erroneous refund is paid in full.

    b. The amount of the erroneous refund for the 2011 tax year, $341,394.92, plus interest under 26 U.S.C. § 6602, until such erroneous refund is paid in full.

    c. The amount of the erroneous refund for the 2012 tax year, $240,883.21, plus interest under 26 U.S.C. § 6602, until such erroneous refund is paid in full.

2. Award the United States its attorney's fees, costs, expenses, and any further relief that the Court deems just and proper.

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

_____/s/_____
THOMAS MOORE
Assistant United States Attorney
Chief, Tax Division